## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

S.M., et al.,              )
                         )
             **Plaintiffs,**      )
                         )
     vs.                     )     Case no.  4:12cv02276 PLC
                         )
**LINCOLN COUNTY, MISSOURI,**    )
                         )
            **Defendant.**      )

PLAINTIFF'S
EXHIBIT
5
tabbies®

## MEMORANDUM AND ORDER

Plaintiffs S.M., K.W., K.S., and L.M. filed a motion for award of attorneys' fees and non-taxable costs [ECF No. 203] pursuant to 42 U.S.C. § 1988 following a jury verdict in their favor in their 42 U.S.C. § 1983 lawsuit.[1, 2]  Defendant Lincoln County, Missouri responded with a memorandum in opposition to the motion [ECF No. 208].  The court held a hearing on the motion at which attorneys for the parties presented argument.

### I. Background

Plaintiffs filed an action under Section 1983 seeking damages, attorneys' fees, and costs from:  (1) Scott Edwards, a Lincoln County Sheriff's Department deputy and a tracker for the drug court in Lincoln County; (2) Michael Krigbaum, the Lincoln County Sheriff; (3) Heather Graham-Thompson, the administrator of Lincoln County's drug court; and (4) Lincoln County (collectively "Defendants").  Plaintiffs contended that Defendants violated their Fourteenth Amendment right to bodily integrity.  More specifically, Plaintiffs alleged that Edwards engaged

---

[1]  The parties consented to a United States Magistrate Judge's exercise of jurisdiction over this matter under 28 U.S.C. Section 636(c).

[2]  The First Amendment claims of Plaintiff C.A. were dismissed prior to trial.  See Mem. and Order, filed Nov. 18, 2014 [ECF No. 95]; Order, filed Mar. 17, 2016 [ECF No. 123]; Order Dismissing Pl. C.A. and Recalling Writ for Habeas Corpus Ad Testificandum, filed June 28, 2016 [ECF No. 149].

in egregious sexual contact with them while they were participants in Lincoln County's drug court.[3]  Plaintiffs further asserted that Krigbaum, Graham-Thompson, and Lincoln County were liable because they failed adequately to hire, train, and supervise Edwards.[4]

In 2014, Krigbaum and Lincoln County filed a joint motion for summary judgment against Plaintiffs.[5]  With respect to Plaintiffs' claims against Krigbaum, Krigbaum and Lincoln County argued that Krigbaum was entitled to qualified immunity because Plaintiffs "failed to properly plead and prove that . . . Krigbaum had notice, possessed deliberate indifference, failed to take remedial action, or . . . in any way caused . . . Edwards to commit unlawful acts or caused Plaintiffs to be deprived of their constitutional rights."[6]

The court denied Krigbaum's and Lincoln County's motion.[7]  The court found there was "a genuine issue of material fact about Lincoln County's and Krigbaum's ability and duty to supervise Edwards [and] . . . about Krigbaum's involvement with Drug Court and its policies."[8]

---

[3]  Edwards pleaded guilty to violating each Plaintiff's federal constitutional due process right to bodily integrity through his sexual misconduct.  United States v. Edwards, No. 4:11CR00463 AGF, Plea Tr. at ECF No. 51 (E.D. Mo. filed Nov. 3, 2011).

[4]  The court subsequently dismissed the failure-to-hire and failure-to-train claims with respect to all defendants.  Mem. and Order, filed Nov. 18, 2014 [ECF No. 95].

Graham-Thompson also filed a motion for summary judgment [ECF No. 74].  The court granted Graham-Thompson's motion for summary judgment on the ground she was not a policymaker, was not Edwards' supervisor, and was entitled to quasi-judicial immunity as to one of Plaintiffs' claims. Mem. and Order at 32-39, filed Nov. 18, 2014 [ECF No. 95].

[5]  Lincoln County's and Krigbaum's mot. summ. jdg. [ECF No. 68].

Plaintiffs also filed a motion for summary judgment against all defendants except Edwards.  Pls.' mot. sum. jdg. [ECF No. 72].  In denying Plaintiffs' motion for summary judgment, the court concluded, in relevant part, that a "genuine issue" existed regarding:  (1)  the obviousness of the risk of Edwards assaulting a drug court participant; (2) Graham-Thompson's and Krigbaum's knowledge of Edwards' potential for sexual assaults; (3) whether Lincoln County's failure to supervise Edwards constituted a policy or custom, and (4) causation.  Mem. and Order, filed Nov. 18, 2014, at 24-31 [ECF No. 95].

[6]  Lincoln County's and Krigbaum's mem. supp. mot. summ. jdg. at 15 [ECF No. 70].

[7]  Mem. and Order, filed Nov. 18, 2014 [ECF No. 95].

[8]  Mem. and Order at 41, filed Nov. 18, 2014 [ECF No. 95].

In rejecting Krigbaum's contention that he was immune from suit, the court concluded "there [was] no evidence of whether Krigbaum received notice of a pattern of unconstitutional acts" and "there [was] a genuine issue whether any lack of notice [was] attributable to Krigbaum turning a blind eye to portentous indications such as Edwards taking drug court participants out of the jail to smoke cigarettes."[9]

Krigbaum (but not Lincoln County) filed an interlocutory appeal to the United States Court of Appeals for the Eighth Circuit.[10]   In his appeal, Krigbaum contended that the court erred when it denied him qualified immunity from Plaintiffs' Section 1983 claims alleging he was liable for violating Plaintiffs' constitutional rights based on supervisory liability and inadequate policies.[11]   The Eighth Circuit reversed, holding that Krigbaum was entitled to qualified immunity because Plaintiffs "did not meet their burden to prove Krigbaum received notice of a pattern of [Edwards'] unconstitutional acts."[12]   The Court further concluded that Plaintiffs "presented no evidence that Krigbaum had knowledge of sexual misconduct by Edwards that would create an inference Krigbaum . . . consciously disregarded a substantial risk of the constitutional harm Edwards was causing."[13]

In reaching its decision, the Eighth Circuit distinguished between the subjective standard of deliberate indifference applicable to a failure-to-supervise claim against an official sued in an individual capacity and the objective standard of deliberate indifference applicable to a failure-

---

[9]  Mem. and Order at 44, filed Nov. 18, 2014 [ECF No. 95].

[10]  Krigbaum's Notice of Interlocutory Appeal, filed Nov. 21, 2014 [ECF No. 96].

[11]  Krigbaum's Notice of Interlocutory Appeal, filed Nov. 21, 2014 [ECF No. 96].

[12]   S.M. v. Krigbaum, No. 14-3704, Op. at 6 (8th Cir. filed Dec. 9, 2015) [ECF No. 105].

[13]  S.M. v. Krigbaum, No. 14-3704, Op. at 9 (8th Cir. filed Dec. 9, 2015) [ECF No. 105].

to-supervise claim against a municipality.[14]   In relevant part, at footnote 3, the Eighth Circuit stated:

> [t]he Supreme Court applied an objective standard of deliberate indifference to a failure-to-supervise claim against a municipality in Canton v. Harris, 489 U.S. 378, 390 (1989).  We noted this distinction in Walton[ v. Dawson, 752 F.3d 1109,] 1117-18 [(8th Cir. 2014)], and the Supreme Court carefully explained it in Farmer[ v. Brennan], 511 U.S. [825,] 840-42 [(1994)].[15]

(footnote added.)

Subsequent to the Eighth Circuit's decision, Lincoln County asked this court to reconsider the denial of its motion for summary judgment.[16]  The court denied Lincoln County's motion for reconsideration.[17]  However, the court permitted Lincoln County to file a second motion for summary judgment to address the "current procedural and substantive posture of the case."[18] The court denied Lincoln County's second motion for summary judgment.[19]

The court conducted a three-day jury trial of Plaintiffs' remaining Section 1983 failure-to-supervise claim against Lincoln County.   During trial, Plaintiffs presented the deposition testimony of Edwards, as well as the testimony of Krigbaum, Graham-Thompson, and Plaintiffs, among others.  Plaintiffs also introduced various exhibits and an audio-recording of an incident of Edwards' sexual misconduct toward S.M.[20]  Upon conclusion of the trial, the jury awarded

---

[14]  S.M. v. Krigbaum, No. 14-3704, Op. at 7 and 7 n.3 (8th Cir. filed Dec. 9, 2015) [ECF No. 105].

[15]  S.M. v. Krigbaum, No. 14-3704, Op. at 7 n.3 (8th Cir. filed Dec. 9, 2015) [ECF No. 105].

[16]  Lincoln County's mot. recons., filed Jan. 27, 2016 [ECF No. 111].

[17]  Order and Notice of Trial Setting, filed Mar. 18, 2016 [ECF No. 124].

[18]  Order and Notice of Trial Setting, filed Mar. 18, 2016 [ECF No. 124].

[19]  Lincoln County's mot. sum. jdg., filed Mar. 23, 2016 [ECF No. 126]; Mem. and Order, filed June 28, 2016 [ECF No. 150].

[20]  See, e.g., Clerk's Witness List and Exhibit List for jury trial, filed July 13, 2016 [ECF Nos. 191 and 192]; Trial Tr., Vols II and III, filed Oct. 6, 2016 [ECF Nos. 232 and 233].

S.M. $750,000.00 and the other three Plaintiffs $500,000.00 each, for a total award of
$2,250,000.[21]  The court entered judgment in accordance with the verdict.[22]  Thereafter, Lincoln
County filed a motion for judgment as a matter of law, pursuant to Rule 50(b), and an alternative
motion for new trial under Rule 59(b).[23]  The court denied Lincoln County's post-trial motions.[24]
Plaintiffs filed a bill of taxable costs and the court taxed costs in Plaintiffs' favor.[25]

    A. <u>Plaintiffs' motion for attorneys' fees and non-taxable costs.</u>

    Plaintiffs request an award of $371,885.00 in attorneys' fees, as follows: (1) $232,830.00
for W. Bevis Schock for 517.4 hours at a rate of $450.00 per hour; (2) $101,255.00 for Hugh A.
Eastwood for 288.9 hours[26] at a rate of $350.00 per hour; and (3) $37,800.00 for Michael J.
Fagras for 100.8 hours at a rate of $375.00 per hour.[27]  Plaintiffs also seek an award of

---

[21]  Verdict Forms, filed July 13, 2016 [ECF No. 195].

[22]  Judgment, filed July 13, 2016 [ECF No. 199].

[23]  Lincoln Cnty.'s mot. jdg. matter law, pursuant Rule50(b), and alternative mot. new trial under Rule 59(b), filed July 20, 2016 [ECF No. 201].

[24]  Order, filed Aug. 11, 2016 [ECF No. 214].

[25]  Pls.' bill of taxable costs, filed July 21, 2016 [ECF No. 202]; Taxation of Bill of Costs, filed Aug. 11, 2016 [ECF No. 218].

[26]  Mr. Eastwood's affidavits and time records establish 289.3 hours of services, rather than the 288.9 hours reported in Plaintiffs' motion.  Multiplying 289.3 hours by Mr. Eastwood's hourly rate of $350.00 results in the $101,255.00 total fee Plaintiffs request for Mr. Eastwood.

[27]  Mr. Fagras's affidavit includes a total fee request of $40,837.50, rather than the $37,800.00 total fee Plaintiffs requested for him, a difference of $3,037.50.  (<u>See</u> Fagras Aff. para. 22 [ECF No. 203-5 at 4].)  The material Mr. Fagras submitted in support of his fee request includes a "fees on fees" itemization listing 8.4 hours of travel time that is not included in the $37,800.00 total requested by Plaintiffs for Mr. Fagras [ECF No. 203-5 at 12].  The "fees on fees" travel time would result in a total amount ($3,150.00) that is greater than the $3,037.50 difference between Plaintiffs' request for Mr. Fagras ($37,800.00) and Mr. Fagras's higher request ($40,837.50).  The court considers the lower total requested by Plaintiffs as the amount Mr. Fagras seeks, because the court is unable to ascertain the evidentiary basis supporting Mr. Fagras's higher fee request.

$1,721.85[28] in non-taxable costs for the costs of delivering materials to the court and a law firm ($26.69) and two attorneys traveling to attend the deposition of Edwards in Virginia ($1,695.16).

Plaintiffs argue they are prevailing parties entitled to a fully compensatory attorney's fee due to the substantial jury verdict in their favor on their "significant claim" against Lincoln County. Plaintiffs further assert the court should award them the total amount requested because their requested award is reasonable under the circumstances of this case.[29]

With respect to the hourly rates, Plaintiffs contend the affidavits they submitted in support of their motion demonstrate their requested hourly rates are consistent with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Plaintiffs also urge the court to apply current hourly rates to all hours they expended on this approximately four-year-old case, rather than "historic hourly rates." With respect to the hours requested, Plaintiffs assert they documented their hours contemporaneously with the service rendered, and all the time expended was reasonable and necessary to the prosecution of this lawsuit.

Plaintiffs acknowledge "[i]t is a fair question whether Plaintiffs should be compensated for the time spent on the [interlocutory] appeal which . . . Krigbaum admittedly won." However, Plaintiffs contend the court should not eliminate from the award any hours Plaintiffs' counsel spent on the appeal because the unsuccessful claim against Krigbaum and successful claim against Lincoln County share a common core of facts and are so intertwined that it is difficult to

---

[28]  Plaintiffs' materials request an award totaling $1,721.87 in non-taxable costs. The itemization of costs they provided, however, reports a "grand total" of "$1,721.85," which is the sum resulting from adding the itemized costs, as supported by the accompanying receipts [ECF No. 203-13].

[29]  Plaintiffs' request results from multiplying their hourly rates by the number of hours of service they provided. Plaintiffs note, "[h]istorically, courts would review a longer list of factors in connection with a fee application. . . . [H]owever, those other factors are now seen as subsumed within the initial calculation of hours reasonably expended at a reasonable [hourly] rate." (Pls.' mem. supp. mot. fees and non-taxable costs at 18 [ECF No. 203-1].)

separate work on the unsuccessful claim from the successful claim. Plaintiffs note they do not seek: (1) an enhanced fee; (2) compensation for time spent on C.A.'s dismissed claims; or (3) compensation for time their attorneys spent on any separate litigation to resolve issues regarding insurance coverage for Edwards and Graham-Thompson.

In its memorandum in opposition, Lincoln County responds that the total fees awarded should be less than the fee amount requested due to duplicative and excessive hours. Lincoln County also contends Plaintiffs are not entitled to any compensation for work on Krigbaum's interlocutory appeal.

### B. Hearing

At the hearing on Plaintiffs' motion, Lincoln County stated that it did not dispute the hourly rates requested, the hours worked, or that Plaintiffs were prevailing parties. In addition, Lincoln County did not object to either the amount of non-taxable costs or that Plaintiffs were entitled to non-taxable costs. Lincoln County further advised the court that it challenged the fee award solely insofar as it included hours related to the interlocutory appeal. Lincoln County sought a deduction of the entire amount attributable to the interlocutory appeal. More specifically, Lincoln County asked the court to eliminate 118 hours, consisting of 70 hours for Mr. Schock, 35 hours for Mr. Eastwood and 13 hours for Mr. Fagras.

Citing Jaffee v. Redmond, 142 F.3d 409 (7th Cir. 1998), Plaintiffs argued at the hearing that their attorneys should be awarded fees for hours spent on the interlocutory appeal. Plaintiffs also argued that: (1) the Eighth Circuit's decision in the interlocutory appeal, particularly footnote 3 of that opinion, contributed to the subsequent progress of this lawsuit; and (2) Krigbaum was the "center" or "heart" of the case and his testimony and conduct were important

to the success of Plaintiffs' claim against Lincoln County.[30]  Plaintiffs also relied on Jenkins ex rel. Jenkins v. Missouri, 127 F.3d 709 (8th Cir. 1997) ("Jenkins") and Casey v. City of Cabool, Mo., 12 F.3d 799 (8th Cir. 1993), to support an award of fees for the interlocutory appeal.

After the hearing, Plaintiffs filed a joint statement advising that $29,810.00 of their fee request was for services their attorneys rendered on the interlocutory appeal.  Lincoln County did not challenge the amount Plaintiffs attributed to their attorneys' work on the interlocutory appeal.

## II. Discussion

A. Standard for awarding fees under Section 1988

A court has discretion to award reasonable attorneys' fees to a party who prevails in a claim filed under 42 U.S. C. § 1983.  42 U.S.C. § 1988(b).  Importantly, a trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." Jenkins, 127 F.3d at 716.

The Eighth Circuit reviews legal issues relating to fee awards de novo and factual determinations for abuse of discretion.  See Cody v. Hillard, 304 F.3d 767, 772 (8th Cir. 2002).  The party seeking the award must submit evidence supporting the requested hours and rates, making "a good faith effort" to exclude hours that are "excessive, redundant, or otherwise unnecessary."  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  The fee applicant must also use "billing judgment" to exclude hours that would not properly be billed to a client, because time not properly billed to a client should not be paid by an adversary pursuant to statutory authority.  Id. at 434.

To determine reasonable attorneys' fees under Section 1988, "the most useful starting point is . . . the number of hours reasonably expended on the litigation multiplied by a reasonable

---

[30]  During the hearing, Mr. Schock also provided additional information about his efforts to obtain fee information from Mr. Ferman, who was the attorney for S.M. and K.W. before they engaged Mr. Schock to represent them in this case.  Because it is not clear why, pursuant to Section 1988, Lincoln County should be ordered to pay Mr. Schock for his efforts focused on Mr. Ferman, the court will reduce Mr. Schock's award by 6.0 hours or $2,700.00 (6.0 hours multiplied by $450.00 hourly rate) to reflect a deduction for those reported services.

hourly rate." Id. at 433.  This calculation is referred to as the "lodestar approach."  See, e.g.,
Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010).  There is a strong presumption that
the lodestar calculation represents a reasonable fee award.  City of Burlington v. Dague, 505 U.S.
557, 562 (1992).

When a plaintiff has only limited success, the extent of that success "is a crucial factor in
determining the proper amount of an award of attorneys' fees under 42 U.S.C. § 1988."  Hensley,
461 U.S. at 440.  The court must consider whether a plaintiff's unsuccessful claims "were
unrelated to the claims on which [the plaintiff] succeeded" and whether "the level of success"
achieved by the plaintiff "makes the hours reasonably expended a satisfactory basis for making a
fee award." Id. at 434.  When a plaintiff's claims "involve a common core of facts or [are] based
on related legal theories[, m]uch of counsel's time will be devoted generally to the litigation as a
whole." Id. at 435.  In that situation, "the district court should focus on the significance of the
overall relief obtained by the plaintiff in relation to the hours reasonably expended on the
litigation." Id.

"Where a plaintiff has obtained excellent results, [the plaintiff's] attorney should recover
a fully compensatory fee, [which will n]ormally . . . encompass all hours reasonably expended on
the litigation." Id.  Significantly, the Eighth Circuit has explained this as meaning that a
"plaintiff who has won excellent results . . . is entitled to a fully compensatory fee award, which
will normally include time spent on related matters on which [the plaintiff] did not win."
Jenkins, 127 F.3d at 716 (emphasis added).

If, however, "a plaintiff has achieved only partial or limited success, the product of hours
reasonably expended on the litigation as a whole times a reasonable hourly rate may be an
excessive amount." Hensley, 461 U.S. at 436.  As the Supreme Court concluded:

Where the plaintiff has failed to prevail on a claim that is distinct in all respects from [the plaintiff's] successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.  Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have [the plaintiff's] attorney's fee reduced simply because the district court did not adopt each contention raised.  But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Id. at 440.

The principle of awarding a fully compensatory fee to plaintiffs who have not prevailed on all of their asserted claims recognizes that:

in the real world, litigation is more complex [than in the movies], involving multiple claims for relief that implicate a mix of legal theories and have different merits.  Some claims succeed; others fail.  Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis.  In short, litigation is messy, and courts must deal with this untidiness in awarding fees.

Given this reality, we have made clear that plaintiffs may receive fees under Section 1988 even if they are not victorious on every claim.  A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes.  That "result is what matters," we explained in Hensley . . ., 461 U.S. [at] 435 . . . :  A court should compensate the plaintiff for the time [the plaintiff's] attorney reasonably spent in achieving the favorable outcome, even if "the plaintiff failed to prevail on every contention."  I[d].  The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief:  Such work "cannot be deemed to have been expended in pursuit of the ultimate result achieved."  I[d].  (internal quotation marks omitted).  But the presence of these unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of [the plaintiff's] civil rights.

Fox v. Vice, 563 U.S. 826, 834 (2011).  Rather, "Congress authorized fees to plaintiffs to compensate them for the costs of redressing civil rights violations; accordingly, a plaintiff may receive fees for all work relating to the accomplishment of that result, even if 'the plaintiff failed to prevail on every contention raised.'"  Fox, 563 U.S. at 836 n.3 (quoting Hensley, 461 U.S. at 435).

A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley, 461 U.S. at 429.  Notably, the grant of qualified immunity to a defendant is not a "special circumstance" justifying the denial of an award of fees under Section 1988.  Lefemine v. Wideman, 758 F.3d 551 (4th Cir. 2014).  As the Fourth Circuit stated, the Supreme Court has "underscored" that a Section 1988 fee award to prevailing plaintiffs is "'particularly important and necessary'" to "'adequately protect[]'" federal constitutional rights, because the "'immunity doctrines and special defenses, available only to public officials'" in cases to which Section 1988 applies "'preclude or severely limit the damage remedy.'"  Id. at 557 (quoting City of Riverside v. Rivera, 477 U.S. 561, 577 (1986)).  Therefore, a defendant's successful assertion of a qualified immunity defense does not preclude an award of attorneys' fees to a prevailing plaintiff.

A prevailing party may also recover as part of an award under Section 1988 the party's "[r]easonable expenses of litigation."   SapaNajin v. Gunter, 857 F.2d 463, 465 (8th Cir. 1988).  Such expenses are "the sort that lawyers ordinarily include in their bills to clients."  Neufeld v. Searle Labs., 884 F.2d 335, 342 (8th Cir. 1989) (Age Discrimination in Employment Act case).

B.  Plaintiffs' Fee Award

1.  Prevailing plaintiff status

Plaintiffs contend they are prevailing parties entitled to a fully compensatory attorneys' fee.  Lincoln County concedes that Plaintiffs are "prevailing parties" for purposes of an award of attorneys' fees and costs under Section 1988.  In general, prevailing party status "is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares . . . along the way."  Jenkins, 127 F.3d at 714.  By any measure, Plaintiffs achieved an exceptional outcome in this case.

2. <u>Hourly rates</u>

Plaintiffs request hourly rates of $450.00 for Mr. Schock, $350.00 for Mr. Eastwood, and $375.00 for Mr. Fagras. Plaintiffs contend the affidavits they submitted in support of their motion demonstrate their attorneys' requested hourly rates are consistent with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Plaintiffs also urge the court to apply current hourly rates to all hours their attorneys expended on this approximately four-year-old case, rather than "historic hourly rates" for services as they were rendered. Lincoln County does not challenge the hourly rates requested by Plaintiffs' attorneys. Nor does Lincoln County object to applying the current hourly rates to all hours expended.

In general, "a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." <u>Moysis v. DTG Datanet</u>, 278 F.3d 819, 828-29 (8th Cir. 2002) (quotation marks and citation omitted). In setting a reasonable hourly rate, a court may consider its own experience and knowledge of prevailing market rates, as well as the experience, skill, and expertise of the attorney seeking an award under Section 1988. <u>See</u> <u>Hanig v. Lee</u>, 415 F.3d 822, 825 (8th Cir. 2005) (court's own knowledge); <u>Hendrickson v. Branstad</u>, 934 F.2d 158, 164 (8th Cir. 1991) (hourly rates for a Section 1988 award should reflect counsel's "special skill and experience") (quotation marks and citation omitted)).

Plaintiffs' attorneys filed affidavits setting forth their legal education, legal experience, and other information, including rates awarded in several cases, to support their requested hourly

rates.[31]   Additionally, Plaintiffs provided affidavits of other attorneys practicing in the St. Louis area supporting the reasonableness of Plaintiffs' counsel's requested hourly rates,[32] and copies of 2013 and 2015 newspaper articles reporting on hourly rates from 2012 to 2015 charged by attorneys practicing in the St. Louis area, as well as other areas of Missouri.[33]   Based upon a review of Plaintiffs' affidavits and published surveys of market rates for attorneys in this area, and in light of Lincoln County's concession that the hourly rates requested by Plaintiffs' counsel are reasonable, the court finds the hourly rates sought by Plaintiffs' attorneys are reasonable.

### 3. Hours

Plaintiffs seek compensation for Mr. Schock's 517.4 hours, Mr. Eastwood's 288.9 hours (which, as noted earlier, the court considers as totaling 289.3 hours), and Mr. Fagras's 100.8 hours.   Plaintiffs contend the reported hours conveyed by their attorneys' affidavits and time records, which were derived from contemporaneous records, were reasonable and necessary to the prosecution of this lawsuit.   With the exception of the hours attributable to the interlocutory appeal, Lincoln County does not object to Plaintiffs' reported hours.

Plaintiffs reported after the hearing that their fee request includes a total of $29,810.00 for services rendered on the interlocutory appeal.   This amount consists of $23,940.00 for 53.2 hours of service rendered by Mr. Schock at $450.00 per hour; $5,495.00 for 15.7 hours of service

---

[31]   W. Bevis Schock Aff., Ex. 1 to Pls.' mot. att'y fees and non-taxable costs [ECF No. 203-3]; Hugh A. Eastwood Aff., Ex 2 to Pls.' mot. att'y fees and non-taxable costs [ECF No. 203-4]; Michael J. Fagras Aff., Ex 3 to Pls.' mot. att'y fees and non-taxable costs [ECF No. 203-5].

[32]   Robert Herman Aff., Ex. 4 to Pls.' mot. att'y fees and non-taxable costs [ECF No. 203-6]; James W. Schottel, Jr. Aff., Ex. 5 to Pls.' mot. att'y fees and non-taxable costs [ECF No. 203-7]; Matthew D. Fry Aff., Ex. 6 to Pls.' mot. att'y fees and non-taxable costs [ECF No. 203-8]; Chris Hoell Aff., Ex. 7 to Pls.' mot. att'y fees and non-taxable costs [ECF No. 203-9]; and Ross W. Buehler Aff., Ex. 8 to Pls.' mot. att'y fees and non-taxable costs [ECF No. 203-10].

[33]   Missouri Lawyer's Weekly Billing Rate Survey for 2013, dated June 17, 2013, and 2015, dated Sept. 21, 2015, Substituted Exs. 9 and 10 to Pls.' mot. att'y fees and non-taxable costs [ECF Nos. 207-1 and 207-2].

rendered by Mr. Eastwood at $350.00 per hour; and $375.00 for 1.0 hour of service rendered by Mr. Fagras.

Lincoln County challenges the inclusion in an award of fees of any hours Plaintiffs' attorneys' spent working on the interlocutory appeal because Krigbaum successfully persuaded the Eighth Circuit that he was entitled to qualified immunity. Because Plaintiffs did not prevail in the interlocutory appeal, Lincoln County contends it should not be "punished," through its payment of Plaintiffs' attorneys' fees.

When a plaintiff does not prevail on all issues, "the dispositive consideration [for a fee award under Section 1988] is whether the issues upon which plaintiff's counsel spent time are interrelated to the central issues of the case." Casey v. City of Cabool, Mo., 12 F.3d 799, 806 (8th Cir. 1993). The Eighth Circuit explained:

> A fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit . . . . A lawsuit . . . which includes several related legal theories based on a common core of facts, should not be viewed as a series of discrete causes of action, and compensation should not be awarded on a claim-by-claim basis.

Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991) (citing Hensley, 461 U.S. at 435).

Plaintiffs argue they are entitled to a full award for their attorneys' work on Krigbaum's interlocutory appeal because their unsuccessful claim against Krigbaum was related to Plaintiff's successful claim against Lincoln County. Specifically, Plaintiffs assert that the two claims involved a common core of facts and were so intertwined that it is difficult to separate the work on one claim from work on the other. Additionally, Plaintiffs urge that Krigbaum's conduct, which was addressed in the interlocutory appeal, was a central focus of Plaintiffs' successful

claim.  Plaintiffs also note that footnote 3 in the Eighth Circuit's opinion was important to the ultimate result.  Finally, Plaintiffs contend their attorneys were required to defend the appeal.

Plaintiffs cite <u>Jaffee</u>, <u>supra</u>, to support their position they are entitled to compensation for the time their attorneys expended on the interlocutory appeal.  Plaintiffs describe the <u>Jaffee</u> decision as "awarding fees for losing in the Supreme Court on psychotherapist privilege issue with [sic] two interlocutory appeals."  The court disagrees with the characterization of the appeals in <u>Jaffee</u> as "interlocutory."  The first appeal and the second appeal in <u>Jaffee</u> each occurred after a jury verdict.  This court is not persuaded that an appeal pursued after a jury verdict is properly characterized as an "interlocutory appeal."  <u>See</u>, <u>e.g.</u>, 28 U.S.C. § 1292, titled "Interlocutory decisions."  Nevertheless, the principles discussed in <u>Jaffee</u> are helpful here.  In particular, the Seventh Circuit rejected in <u>Jaffee</u> what Lincoln County asks this court to undertake – exclude fees incurred for an unsuccessful result in an appeal.  As the Seventh Circuit noted, "[t]wo trials and two appeals later, Jaffee prevailed on her § 1983 claim; the adverse rulings that she suffered along the way were merely temporary setbacks on her way to victory." <u>Jaffee</u>, 142 F.3d at 414.

Although neither party directed this court to authority addressing fee requests for services rendered by a prevailing plaintiff's attorney in an interlocutory appeal the prevailing plaintiff loses, this court has found authority discussing such a request.  <u>See</u>, <u>e.g.</u>, <u>Letterman v. Burgess</u>, No. 5:12-CV-06136-NKL, 2016 WL 797601 (W.D. Mo. Feb. 26, 2016), <u>appeal pending</u> <u>Letterman v. Lammers</u>, No. 16-1771 (8th Cir. filed Mar. 30, 2016); <u>see also</u> <u>Price v. City of</u> <u>Fayetteville, N.C.</u>, No. 5:13-CV-150-FL, 2015 WL 1222168, *6-*9 (E.D. N.C. Mar. 17, 2015). In <u>Letterman</u>, the United States District Court for the Western District of Missouri addressed the extent to which it could award prevailing plaintiffs fees for an interlocutory appeal they lost as to

one of three defendants.  Id. at *6.  The plaintiffs agreed that some time should be deducted, but urged it should be smaller than the one-third the defendants requested, "because much of the work on the appeal was common to the three [d]efendants who appealed."  Id.  Finding "substantial work" had to be done on the interlocutory appeal for one or three defendants, the court deducted approximately seven percent because "there were some distinctive factual issues."  Id.  In Price, the court denied an award for an interlocutory appeal, upon determining that the issue in the appeal was not related to the plaintiffs' subsequently successful claims.  Price, No. 5:13-CV-150-FL, 2015 WL 1222168, at *6-*9.  The court gleans from these cases that hours expended for work on an interlocutory appeal are properly awarded unless the interlocutory appeal involves "distinctive factual issues" from the claim on which the plaintiff ultimately prevails or is otherwise "unrelated" to the claim on which the plaintiff ultimately prevails.

Lincoln County does not contend that the claims are factually distinct.  Rather, Lincoln County argues simply that, because Plaintiffs lost the claim against Sheriff Krigbaum they are not entitled to attorneys' fees on the claims.  In essence, Lincoln County asserts that a determination of qualified immunity results in no fees even where the Plaintiffs achieve the relief they sought.  Plaintiffs' successful claim against Lincoln County and unsuccessful claim against Krigbaum were not based on distinctive factual circumstances; to the contrary, they both arose out of Krigbaum's responsibility, conduct and knowledge as Lincoln County Sheriff in supervising Edwards, a deputy sheriff and drug court tracker. The guidance the Eighth Circuit's opinion provided to the subsequent course of the proceedings in this case, as well as the common core of facts shared by the intertwined successful and unsuccessful claims, support the fee award to Plaintiffs.  Having found that Plaintiffs are entitled to fees for the interlocutory appeal, the

court concludes that the hours Plaintiffs' attorneys' expended in defense of the interlocutory appeal are reasonable and should be compensated.

    4. <u>Expenses</u>

Plaintiffs also request an award of $1,721.85 in non-taxable costs, consisting of $26.69 for delivering materials to the court in 2016 and to a law firm in 2013, and $1,695.16 for Mr. Shock's and Mr. Eastwood's travel expenses when the parties deposed Edwards in Virginia in 2013. Plaintiffs provided copies of receipts supporting these expenses, and Lincoln County does not object to the non-taxable costs Plaintiffs itemized. Finding the requested amount reasonable and proper to award under Section 1988, the court grants Plaintiffs' unopposed and supported request for an award of non-taxable costs incurred while representing Plaintiffs in this case.

## III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiffs' motion for fees and expenses [ECF No. 203] is **GRANTED**. Plaintiffs are awarded reasonable attorneys' fees and costs under Section 1988 as follows:

Mr. Schock's hours are reduced from 517.4 hours to the reasonable total of 511.4 hours (517.4 hours less 6.0 hours for his efforts focused on Mr. Ferman). Mr. Schock's reasonable hours are compensated at the reasonable rate of $450.00 per hour, for a total award of $230,130.00 (511.4 hours multiplied by $450.00 hourly rate).

Mr. Eastwood's hours are not reduced. His reasonable total of 289.3 hours is compensated at the reasonable rate of $350.00 per hour, for a total award of $101,255.00 (289.3 hours multiplied by $350.00 hourly rate).

17

Mr. Fagras's hours are not reduced. His reasonable total of 100.8 hours is compensated at the reasonable rate of $375.00 per hour, for a total award of $37,800.00 (100.8 hours multiplied by $375.00 hourly rate).

Additionally, the full amount of expenses requested, in the reasonable amount of $1,721.85, is awarded to Plaintiffs.


_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE


Dated this 1st day of November, 2016.