# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFERY JUST, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:18-CV-424 NAB |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TAXATION OF COSTS OF SERVICE TO BE ASSESSED AGAINST DEFENDANTS AND FOR ATTORNEY'S FEES

COMES NOW Plaintiff Jeffery Just ("Plaintiff"), by and through his attorney, and for his Motion for Taxation of Costs of Service to be Assessed Against Defendants City of St. Louis, Missouri, Defendant Nellie Kuykendall and Defendant Eric Henry (collectively the "Defendants") and for Attorney's Fees and respectfully states to this Honorable Court the following:

## MEMORANDUM

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that:

"If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court **must** impose on the defendant:

(A) the expenses later incurred in making service; and
(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."

Fed.R.Civ.P. 4(d)(2). (*emphasis added*).

Ordering Defendants to pay service costs under Rule 4(d)(2) of the Federal Rules of Civil Procedure before final judgment in this case is not premature. *See* Double "S" Truck Line, Inc. v. Frozen Food Express, 171 F.R.D. 251 (D. Minn. 1997); Marcello v. Maine, 238 F.R.D. 113 (D.

Me. 2006); <u>Butler v. Crosby</u>, 2005 WL 390740 (M.D. Fla. 2005). The courts in these cases noted particularly that the Rule, "makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an award of costs even when . . . the Plaintiff's claim [may be] without merit." <u>Double "S"</u>, 171 F.R.D. at 253; <u>Marcello</u>, 238 F.R.D. at 116.

Defendants simply failed to return signed waivers, which forced Plaintiff to request alias summons, have the Defendants personally served and needlessly increased the service costs in this case, despite the warnings set forth in the Notice of Lawsuit and Request to Waive Service of a Summons (*See* Doc. #1-3, Doc. #1-4 and Doc. #1-5).

WHEREFORE, for the foregoing reasons, and those stated in Plaintiff's Motion, Plaintiff respectfully requests this Honorable Court to grant his Motion for Taxation of Costs of Service to be Assessed Against Defendants City of St. Louis, Missouri, Defendant Nellie Kuykendall and Defendant Eric Henry and for Attorney's Fees and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.   #51285MO
    906 Olive St., PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

    Attorney for Plaintiff
    Jeffery Just

## **CERTIFICATE OF SERVICE**

  I hereby certify that on <u>April 30, 2018</u>, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

        Myles D. McDonnell
        McDonnellm@stlouis-mo.gov

        Attorney for Defendants
        City of St. Louis, Missouri
        Nellie Kuykendall
        Eric Henry


        s/*James W. Schottel, Jr.*