# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFERY JUST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-CV-424 NAB |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**[1]

This matter is before the Court on Defendant City of St. Louis' Motion to Dismiss Count III of Plaintiff's Complaint. [Doc. 16.] Plaintiff filed a response. [Doc. 17.] For the following reasons, the Court will grant Defendant City of St. Louis' Motion to Dismiss.

In Count III of Plaintiff's Complaint, Plaintiff asserts a claim for violation of his civil rights under 42 U.S.C. § 1983, based a theory of *respondeat superior* liability against the City of St. Louis. Compl. ¶¶ 68-75. It is well established law that municipal bodies cannot be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). A government, as an entity, is only liable under § 1983, when execution of a government's official policy or custom inflicts the injury. *Id.* Plaintiff's Complaint and response to the motion to dismiss acknowledge the relevant case law and preserves the right to appeal any dismissal of Count III.

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Because the Supreme Court has held that *respondeat superior* liability is not cognizable in § 1983 cases, Plaintiff would not be entitled to relief even if all of the factual allegations of the Complaint are true. Therefore, the Court will grant Defendant City of St. Louis' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis' Motion to Dismiss is **GRANTED**. [Doc. 16.]

An Order of Dismissal will be filed contemporaneously with this order.

Dated this 17th day of July, 2018.

       /s/ Nannette A. Baker  
      NANNETTE A. BAKER  
      UNITED STATES MAGISTRATE JUDGE