**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JEFFERY JUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-424 NAB |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER[1]

This matter is before the Court on Plaintiff's Motion to Amend or Correct This Honorable Court's Order Dated July 10, 2019. [Doc. 67.] On April 5, 2019, the Court granted the parties' oral motion to amend the case management order for a second time. [Doc. 53.] The Court set a dispositive motion deadline for May 10, 2019 with any response due June 10, 2019. Defendants filed a motion for summary judgment on May 10, 2019. [Doc. 55.] Plaintiff did not file a response. On June 24, 2019, Plaintiff requested an extension of time to July 8, 2019 to file the response to Defendants' motion. [Doc. 57.] Defendants filed a response in opposition or alternatively to continue the trial setting. [Doc. 58.] Plaintiff filed a reply brief. [Doc. 59.]

The Court granted Plaintiff's motion for extension and moved the trial date to November 12, 2019. [Doc. 60.] Plaintiff then requested an additional extension of time until July 22, 2019. The Court granted the additional extension to Plaintiff and granted Defendant an extension of time until August 2, 2019 to file a reply brief. The parties filed those pleadings on the due dates. [Docs. 64, 66.] Because of the Court's busy docket, the Court also moved the trial date to January 27,

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 22.]

2020 at 9:00 a.m. Plaintiff is now requesting that the Court move the trial date to the previous November 12, 2019 setting. This is the second time that Plaintiff has requested extensions of time and then also requested that the trial date be moved forward. [Doc. 60.]

Although the parties may not have this in the forefront of their minds, this case is not the only case on the Court's docket. The trial court "has ample authority to amend the trial date." *Silberstein v. I.R.S.*, 16 F.3d 858, 860 (8th Cir. 1994). Many factors affect when trial deadlines are set in cases. When the parties request extensions of time, the changes affect the timeline when the Court can consider dispositive motions, pretrial motion deadlines, pretrial conference dates, and the trial date. Even a two week delay can affect when motions can be considered and when trial dates can be set in consideration of the Court's entire docket. The Court has generously granted the parties' requests to amend the case management order and several deadlines in this case. [Docs. 43, 50, 53, 60, 62.] Plaintiff has not provided any reason why the Court should move the trial date forward. "A scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff has not shown good cause. The Court is unable to accommodate Plaintiff's latest request for a change of the trial date and the motion to move the trial date forward will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend or Correct This Honorable Court's Order Dated July 10, 2019 is **DENIED**. [Doc. 67]

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2019.